# Supreme Court of the State of New York
## Appellate Division: Second Judicial Department

D56467
M/htr

\_\_\_\_\_AD3d\_\_\_\_\_    Argued - March 1, 2018

MARK C. DILLON, J.P.
HECTOR D. LASALLE
BETSY BARROS
LINDA CHRISTOPHER, JJ.

2014-09908    DECISION & ORDER

The People, etc., respondent,
v Atara Wisdom, appellant.

(Ind. No. 6615/12)

Paul Skip Laisure, New York, NY (Tammy E. Linn of counsel), for appellant.

Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Thomas M. Ross of counsel), for respondent.

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Albert Tomei, J.), rendered October 8, 2014, convicting her of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress a statement made by her to law enforcement officials.

ORDERED that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620), we find that it was legally sufficient to disprove the defendant's justification defense beyond a reasonable doubt and to establish the defendant's guilt of murder in the second degree beyond a reasonable doubt (*see* Penal Law §§ 35.15[2][b]; 125.25[1]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence, we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410; *People v Bleakley*, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633).

We agree with the Supreme Court's determination to deny suppression of an oral statement the defendant made to police on the morning of July 26, 2012. After waiving her *Miranda*

rights (*see Miranda v Arizona*, 384 US 436), the defendant freely and voluntarily made a videotaped statement at the police station on July 25, 2012, beginning at approximately 9:00 p.m. The interview ended after approximately 30 minutes, not because the defendant unequivocally invoked her right to remain silent, but rather, to allow her to compose herself. The idea for ending the interview and stopping the videotape was that of the Assistant District Attorney (hereinafter ADA) conducting the interview. The ADA said, "Let's stop the tape for now," and "there will be no further questions until we resume the tape." Questioning resumed the following morning at approximately 10:00 a.m., at which time the defendant was reminded of the rights she had been read the previous day, and the defendant agreed to continue answering more questions. During that session, the defendant stated that after she stabbed the victim, she took the victim's cell phone, keys, and wallet. The wallet contained the victim's welfare benefit card, but the defendant specifically denied ever using the card.

The defendant's morning statement was properly admitted at trial. Had the defendant unequivocally and unqualifiedly invoked her right to remain silent the previous evening, the request would have had to be scrupulously honored (*see id.* at 479; *People v Ferro*, 63 NY2d 316, 322), and further interrogation would have had to cease (*see People v Gray*, 31 NY2d 68, 70). Under such circumstances, further inquiry can be made, but only if a significant period of time has passed and the police reiterate the requisite warnings (*see Michigan v Mosley*, 423 US 96, 103-104; *People v Brown*, 266 AD2d 838). However, since the defendant in this case had not unequivocally and unqualifiedly invoked her right to remain silent (*see People v Horton*, 46 AD3d 1225, 1226; *People v Caruso*, 34 AD3d 860, 862; *cf. People v Legere*, 81 AD3d 746, 749) and remained in continuous custody in the interim, police and prosecutors were free to resume their questioning of the defendant within a reasonable time, and to do so without repeating the *Miranda* warnings (*see People v Legere*, 81 AD3d at 748; *People v Santalis*, 302 AD2d 614; *People v Holland*, 268 AD2d 536, 537; *People v Baker*, 208 AD2d 758; *People v Glinsman*, 107 AD2d 710). The further questioning at issue here was within a reasonable time under this Court's precedent (*see People v Holland*, 268 AD2d at 536; *People v Thomas*, 233 AD2d 347; *People v Baker*, 208 AD2d at 758). The suppression hearing testimony of a detective who, in response to questions by defense counsel that the defendant did not want to talk anymore during the prior evening's videotaped interview, answered, "Right," and in another instance said, "Correct," does not require a different result. This testimony does not change the fact that there was no unequivocal invocation of the defendant's right to remain silent at that time. The suggestion that the detective's answers refer instead to an unrecorded communication by the defendant, despite the colloquy on the videotape that there would be no further questioning until the tape is resumed, is mere speculation and conjecture that reads into the record information that simply is not present, and provides no basis for concluding that the defendant's 10:00 a.m. statement should have been suppressed.

We agree with the Supreme Court's determination to admit evidence of a prior uncharged crime involving the defendant's theft and use of certain property that belonged to the victim, as it completed the narrative and provided circumstantial evidence of the date of the victim's death (*see People v Morris*, 21 NY3d 588, 594; *People v Conroy*, 102 AD3d 979, 980). The probative value of the evidence outweighed its prejudicial effect (*see People v Till*, 87 NY2d 835, 836), and the court's limiting instruction was sufficient to avert any potential prejudice (*see People v Jackson*, 178 AD2d 438, 439; *People v Economy*, 156 AD2d 459, 460).

The defendant's contention that she was deprived of a fair trial by the admission into evidence of a recording of the victim's 911 call is unpreserved for appellate review (*see* CPL 470.05[2]) and, in any event, without merit. We agree with the Supreme Court's determination to admit the recording under the present sense impression exception to the hearsay rule (*see People v Catave*, 21 NY3d 374, 382; *People v Vasquez*, 88 NY2d 561, 575; *People v Brown*, 80 NY2d 729, 732).

The defendant's contention that certain comments made by the prosecutor during summation deprived her of a fair trial is partially unpreserved for appellate review (*see* CPL 470.05[2]). In any event, to the extent that the prosecutor exceeded the bounds of permissible rhetorical comment or made other improper remarks during summation, the remarks were not so egregious as to have deprived the defendant of a fair trial, and any other error in this regard was harmless (*see People v Crimmins*, 36 NY2d 230, 238, 241-242; *People v Adamo*, 309 AD2d 808, 809).

We agree with the defendant that it was improper for the Supreme Court to condition her ability to interview a prosecution witness upon the interview occurring either in the presence of the prosecutor or a detective (*see e.g. People v Eanes*, 43 AD2d 744). However, the error was harmless (*see People v Crimmins*, 36 NY2d 230).

The defendant's remaining contention is without merit.

DILLON, J.P., LASALLE, BARROS and CHRISTOPHER, JJ., concur.

ENTER:

*Aprilanne Agostino*
Aprilanne Agostino
Clerk of the Court